IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AR-RAAFI NICHOLS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-388-DRH ) |
| ROGER E. WALKER, JR., *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff, an inmate at the Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks declaratory and monetary relief for allegedly denying him adequate medical care in violation of the Eighth Amendment. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and the supporting exhibits, the Court finds that no claim in the original complaint may dismissed at this point in the litigation.

**THE COMPLAINT**

Plaintiff alleges that on December 23, 2005, he ate a fish patty that was contaminated with glass particles. Plaintiff states that as a result of eating the fish patty, he suffered two broken teeth and several cuts on the inside of his mouth. Plaintiff was taken to the medical unit and examined by an unnamed nurse. The nurse gave Plaintiff some Tylenol and instructed Plaintiff to inform her if Plaintiff passed any blood in his stool. However, after this initial examination and treatment, Plaintiff states that he continued to suffer severe pain and, therefore, he submitted numerous requests to be examined by a doctor or dentist. Plaintiff asserts that his request for additional medical attention "went unanswered." Plaintiff contends "that the defendants were all aware of plaintiffs [sic] injuries, pain and suffering" through the numerous requests for medical treatment he made.

Plaintiff states that he was finally examined by a dentist in February of 2006. Plaintiff alleges that he had to have a tooth extracted due to the injuries he sustained from biting on glass. Plaintiff further alleges that the tooth would not have had to have been removed if he had been given dental care sooner. Plaintiff claims that the Defendants denied him adequate medical care for his injuries in violation of his Eighth Amendment rights.

**DISCUSSION**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a

2

broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi,* 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

Taking Plaintiff's allegations as true, Plaintiff's complaint adequately alleges the existence of a serious medical need and that the Defendants acted with a sufficiently culpable state of mind. Therefore, Plaintiff's complaint survives review under § 1915A and should not be dismissed at this

3

time.

The Court notes, however, that Plaintiff has not signed the complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure. Rule 11(a) requires this Court to strike the complaint if the deficiency is not "promptly corrected" after being called to Plaintiff's attention.

**MOTION TO APPOINT COUNSEL**

Also before the Court is Plaintiff's motion to appoint counsel (Doc. 9). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff states that he has been unable to secure representation despite his attempts to obtain counsel.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Plaintiff's claims concerning the denial of treatment for his teeth present discovery challenges to Plaintiff in the form of obtaining and understanding medical records and testimony. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Furthermore, Plaintiff faces hardships in prosecuting his claims due to the fact that he is incarcerated.. Therefore, Plaintiff's motion for the appointment of counsel (Doc. 9) is **GRANTED**.

**DISPOSITION**

**IT IS HEREBY ORDERED** that pursuant to 28 U.S.C. 1915 (e)(1) and Local Rule 83.1(i), attorney Jeffrey L. Dunn of the firm Sandberg, Phoenix & von Gontard, One City Centre, 15th Floor, 515 N. 6th Street, St. Louis, Missouri 63101, is **APPOINTED** to represent Plaintiff in this Court only.

Appointed counsel is advised that he may examine the docket sheet via CM/ECF. Appointed counsel is further advised that, pursuant to the Plan for the Administration of the District Court Fund, out-of-pocket expenses up to the sum of $1000 may be requested and authorized for reimbursement. Additional motions and pleadings will be accepted only from Plaintiff's appointed counsel.

Appointed counsel shall file a properly signed amended complaint within thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that appointed counsel shall complete and submit a USM-285 form for defendants **Walker, Cowan, and Ellis** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send appointed counsel 3 USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Appointed counsel is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Walker, Cowan, and Ellis**. The Clerk shall forward those forms, USM-285 forms submitted by appointed counsel, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of

Civil Procedure, to serve process on Defendants **Walker, Cowan, and Ellis** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff (or his appointed counsel), the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I..D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional

copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for purposes of supervising discovery issues, with dispositive motions and motions for appointment of counsel to be handled by the undersigned district judge.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk, his appointed counsel and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**DATED:** March 10, 2009

/s/ *David R Herndon*
**DISTRICT JUDGE**