**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**AR-RAAFI NICHOLS**,

**Plaintiff,**

**v.**

**ROGER WALKER, et al.,**

**Defendants.**                                        **No. 08-cv-0388-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

**I.  Introduction and Background**

Pending before the Court is a Report and Recommendation ("the Report") submitted by Magistrate Judge Clifford J. Proud recommending that the Court grant Defendants' motion for summary judgment and dismiss without prejudice due to Plaintiff's failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a) (Doc. 39).  Plaintiff filed objections to the Report (Doc. 40). Based on the following, the Court adopts the Report in its entirety.

On March 10, 2009, the Court issued its initial screening Order pursuant to 28 U.S.C. § 1915A and appointed counsel Jeffrey L. Dunn to represent Plaintiff (Doc. 11).  Plaintiff's complaint alleges that Defendants denied him adequate medical care in violation of the Eighth Amendment.  Specifically, Plaintiff claims that

on December 23, 2005, while he was incarcerated at Menard Correctional Center, he ate a fish patty that was contaminated with glass particles.  Plaintiff claims that as a result of eating this fish patty he suffered two broken teeth and several cuts on his mouth.  Plaintiff claims that he was examined by a nurse, given Tylenol and instructed to inform her if he passed any blood in his stool.  Plaintiff claims that he continued to suffer severe pain and that he submitted numerous requests to be examined by a dentist or doctor but that Defendants did nothing.  Plaintiff claims that he finally saw a dentist in February 2006 and that he had to have a tooth extracted due to this incident.

On April 7, 2009, Plaintiff, by and through court appointed counsel, filed a First Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. 15).  On July 15, 2009, Defendants filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997(e) of the Prison Litigation Reform Act (Doc. 27).  Defendants maintain the Plaintiff failed to exhaust his administrative remedies regarding his claim of deliberate indifference to a serious medical need.  Plaintiff opposes the motion arguing that he was never informed of the grievances procedures by prison officials and thus, the grievance process was unavailable to him.

On December 8, 2009, Judge Proud held a ***Pavey*** evidentiary hearing and took the matter under advisement.  One week later, Judge Proud issued his Report (Doc. 40).  The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the

Report.  To date, Plaintiff filed objections to the Report (Doc. 40).  Plaintiff contends that the Report is based on speculation and assumes facts not in evidence.  Plaintiff further contends that he failed to timely file a grievance because the prison officials failed to inform him of the administrative remedy procedures.

Since timely objections have been filed, this Court must undertake *de novo* review of the Report.  **28 U.S.C. § 636(b)(1)(B); Fᴇᴅ. R. Cɪᴠ. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**.  The Court may "accept, reject or modify the recommended decision." ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**.  In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. ***Id.***

## II.  Analysis

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." ***Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005)**. The initial burden is upon the moving party to establish that no material facts are in

dispute as to an essential element of the nonmoving party's case. **Delta Consulting Group, Inc. v. R. Randle Const., Inc.**, **554 F.3d 1133, 1137 (7th Cir. 2009)**. Once the moving party meets the burden, the non-moving party must come forward with evidence that establishes a genuine issue for trial. **Fed.R.Civ.P. 56(e)**.

A non-moving party may not rest on his pleadings but must set forth specific facts showing there is a genuine issue for trial. **Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003); see also Winters v. Fru-Con, Inc., 498 F.3d 734, 744 (7th Cir. 2007) (noting that "the district court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies.")**. Consequently, when a non-moving party fails to respond to a motion for summary judgment, a court has no choice but to deem the moving party's factual assertions as true and grant summary judgment in its favor. **Heft, 351 F.3d at 283 (7th Cir. 2003) (holding that summary judgment is proper when the plaintiff's case consists of factually unsupported claims); Thurman v. Village of Homewood, 446 F.3d 682, 687 (7th Cir. 2006) (affirming the district court's decision to grant summary judgment when the opposing party failed to provide the court with evidence.). See Celotex, 477 U.S. at 320 (noting that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make**

**a sufficient showing on an essential element of her case with respect to which she has the burden of proof.")**.

Lawsuits filed by inmates are governed by the provisions of the PLRA. That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." **42 U.S.C. § 1997e(a)**. The burden of proof on the affirmative defense of exhaustion lies with the defendants. ***Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005)**. The Seventh Circuit, however, requires strict adherence to the PLRA's exhaustion requirement. ***Doe v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion.")**.  Exhaustion must occur before the suit is filed. ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004)**. "Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending." ***Id.*** Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005)**. Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." ***Doe*, 438 F.3d at 809**.

As an inmate confined within the Illinois Department of Corrections,

Plaintiff was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures For Offenders ("grievance procedures") to properly exhaust his claims. **20 Ill. Administrative Code § 504.800, et seq**. The grievance procedures first require inmates to speak with their counselor about their complaint. **20 Illinois Administrative Code § 504.810(a)**. Then, if the counselor does not resolve the issue, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. ***Id.*** The grievance form must: contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is subject of or who is otherwise involved in the complaint. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible. **20 Illinois Administrative Code § 504.810(a)(b) (emphasis added)**. "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer ... [who] shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." **20 Ill. Administrative Code § 504.830(d)**. If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board ("ARB"). The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative Officer,

the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision.  Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." **20 Ill. Administrative Code § 504.850(a)**. "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." **20 Ill. Administrative Code § 504.850(e)**.  "The director shall review the findings and recommendations of the Board and make a final determination of the grievance with 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances.  The offender shall be sent a copy of the Director's decision." **20 Ill. Administrative Code § 504.850(e)(f)**.

Here, the Court agrees with Judge Proud and finds that Plaintiff failed to exhaust his administrative remedies.  The record reveals that he did file a grievance regarding his claims, an April 30, 2006 grievance, which was untimely. Further, the record is clear that Plaintiff did not pursue his grievance through the full administrative process.  Additionally, this grievance did not allege that Defendants were deliberately indifferent to a serious medical need or even name the Defendants as required.

Furthermore, it is clear that the grievance process was available to him and that he knew about the process in light of his previous grievance that was fully and properly completed before he filed the April 2006 grievance.   The Court

concludes that Judge Proud was correct to question Plaintiff's credibility after Plaintiff changed his story about his knowledge of the grievance process.  As noted by Judge Proud, Plaintiff's affidavit and oral testimony differed substantially regarding his knowledge of the grievance process.  Judge Proud further noted that "plaintiff appeared to be articulate and relatively intelligent -so much so that it is virtually impossible to believe plaintiff had utilized every step in the administrative process for his January grievance without appreciating what he was doing."  (Doc. 39, p. 9).  The Court finds that Plaintiff failed to exhaust his administrative remedies.

### III.  Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 39). The Court **GRANTS** Defendants' motion for summary judgment and **DISMISSES** without prejudice Plaintiff's cause of action for failure to exhaust administrative remedies.  The Court will close the file.

**IT IS SO ORDERED.**

Signed this 4th day of January, 2010.


/s/      David R Herndon
**Chief Judge**
**United States District Court**